IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

K. MALIK FERGUSON,

        Plaintiff,

                                        Civil Action No. 3:20-cv-00761

v.

BARBOURSVILLE LODGE NO. 2586,
LOYAL ORDER OF MOOSE, INC., and
LORI KING,

        Defendants.

## ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIM TO PLAINTIFF'S COMPLAINT

AND NOW comes the Defendant, Barboursville Lodge No. 2586, Loyal Order of Moose, Inc. ("Moose"), by and through its attorneys, Joseph W. Selep, Esquire and ZIMMER KUNZ, PLLC, and file the following Answer, Affirmative Defenses and Crossclaim to Plaintiff's Complaint, as follows:

### Jurisdiction and Venue

1.    After reasonable investigation, this Defendant is without knowledge or information sufficient so as to form a belief as to the truth of the averments contained in this paragraph of the Plaintiff's Complaint and, accordingly, same are denied with strict proof thereof demanded at the time of trial.

2.    Admitted.

3.    This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

4.   This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

5.   After reasonable investigation, this Defendant is without knowledge or information sufficient so as to form a belief as to the truth of the averments contained in this paragraph of the Plaintiff's Complaint and, accordingly, same are denied with strict proof thereof demanded at the time of trial.

6.   Paragraph 6 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

7.   This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

## Factual Background

8.   Upon information and belief, paragraph 8 of Plaintiff's Complaint is admitted.

9.   Upon information and belief, paragraph 9 of Plaintiff's Complaint is admitted.

10.  Admitted.

11.  Admitted.

12.  Paragraph 12 is admitted to the extent that the Moose lodge employee was acquainted with King and that King had been a regular patron.

13.  This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

14.  Paragraph 14 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

15.  Paragraph 15 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

16.  Paragraph 16 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

17.  Paragraph 17 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

18.  Paragraph 18 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

19. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Moose had a license to engage in the business of fraternal license to operate a private club, alcohol, liquor and non-intoxicated beer sales permitted.

20. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

21. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

22. Denied.

23. After reasonable investigation, this Defendant is without knowledge or information sufficient so as to form a belief as to the truth of the averments contained in this paragraph of the Plaintiff's Complaint and, accordingly, same are denied with strict proof thereof demanded at the time of trial.

24. Paragraph 24 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

25. Paragraph 25 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

26. Admitted in part and denied in part. It is admitted, upon information and belief, King had used third party transportation in the past. The Moose without information regarding the remaining averments and same are denied with strict proof thereof demanded at the time of trial.

27. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

28. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required.

29. After reasonable investigation, this Defendant is without knowledge or information sufficient so as to form a belief as to the truth of the averments contained in this paragraph of the Plaintiff's Complaint and, accordingly, same are denied with strict proof thereof demanded at the time of trial.

30. Paragraph 30 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

31. Paragraph 31 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

32. Paragraph 32 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

33. Paragraph 33 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

34. Paragraph 34 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

35. After reasonable investigation, this Defendant is without knowledge or information sufficient so as to form a belief as to the truth of the averments contained in this paragraph of the Plaintiff's Complaint and, accordingly, same are denied with strict proof thereof demanded at the time of trial.

36. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

37. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

38. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

39. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

40. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

41. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

42. Paragraph 42 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

43. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

44. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

45. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required.

To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

46. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

47. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

48. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

49. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

50. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent a response is deemed necessary, this Defendant is without information and, accordingly, strict proof thereof is demanded at the time of trial.

51. Paragraph 51 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

52. Paragraph 52 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

### Count One

### Negligent Violation of the West Virginia Code §60-3-22(A)(3) by the Moose Lodge

53. This Defendant incorporates paragraphs 1-52 of this Answer as if the same were set forth herein at length.

54. It is admitted that King was a regular patron of the Moose lodge.

55. Paragraph 55 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

56. Paragraph 56 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

57. Paragraph 57 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

58. Paragraph 58 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

59. Paragraph 59 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

60. Paragraph 60 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

61. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, as it pertains to this Defendant, same are denied.

62. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, as it pertains to this Defendant, same are denied.

63. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, as it pertains to this Defendant, same are denied.

64. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, as it pertains to this Defendant, same are denied.

65. Paragraph 65 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

66. WHEREFORE, this Defendant demands judgment in its favor, plus costs of suit as sustained.

## Count Two

### Intentional Act Liability by the Moose Lodge

67. This Defendant incorporates paragraphs 1-66 of this Answer as if the same were set forth herein at length.

68. Paragraph 68 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

69. Paragraph 69 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

70. Paragraph 70 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

71. Paragraph 71 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

72. Paragraph 72 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

73. Paragraph 73 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

74. Paragraph 74 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

75. Paragraph 75 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

76. Paragraph 76 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

77. WHEREFORE, this Defendant demands judgment in its favor, plus costs of suit as sustained.

## Count Three

### Negligence by Lori King

78. This Defendant incorporates paragraphs 1-77 of this Answer as if the same were set forth herein at length.

79-87. The averments contained in these paragraphs of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required. To the extent that a response is deemed necessary, these paragraphs are denied as it pertains to the Moose.

## Count Four

### Tort of Outrage Against Moose Lodge and Lori King

88. This Defendant incorporates paragraphs 1-87 of this Answer as if the same were set forth herein at length.

89. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required.

90. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required.

91. Paragraph 91 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

92. Paragraph 92 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

93. Paragraph 93 of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

94. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required.

95. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, as it pertains to this Defendant, same are denied.

96. The averments contained in this paragraph of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required.

97. WHEREFORE, this Defendant demands judgment in its favor, plus costs of suit as sustained.

### Count Five

### Willfull, Wanton, Reckless and Intentional Misconduct by Lori King

98. This Defendant incorporates paragraphs 1-97 of this Answer as if the same were set forth herein at length.

99-113. The averments contained in these paragraphs of the Plaintiff's Complaint are directed to a party or entity other than this Defendant and, accordingly, no response is required.

114. WHEREFORE, this Defendant demand judgment in its favor, plus costs of suit as sustained.

### Count Six

### Restatement of Torts 2d of Torts §876 "Persons Acting in Concert"

115. This Defendant incorporates paragraphs 1-114 of this Answer as if the same were set forth herein at length.

116. It is admitted that the Moose lodge controls the manner by which its employees served alcoholic beverages.

117. This paragraph of Plaintiff's Complaint is admitted to the extent that the employees were acting in the course and scope of their employment of the Moose lodge.

118. This paragraph of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

119. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

120. This paragraph of the Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, same are denied.

121. This paragraph of Plaintiff's Complaint, as it pertains to this Defendant, is denied.

WHEREFORE, this Defendant demands judgment in its favor, plus costs of suit as sustained.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Defendant incorporates by reference its Answer and Affirmative Defenses as if the same were set forth at length herein.

### Second Affirmative Defense

The Moose had no notice or knowledge of Defendant King's alleged impaired condition or intoxication.

### Third Affirmative Defense

The Moose offered training to its employees regarding not overserving and identifying intoxicated patrons, and this staff in the Moose participated in this training.

### Fourth Affirmative Defense

The employees at the Moose did not intentionally serve an individual that was known to be intoxicated.

### Fifth Affirmative Defense

The employees of the Moose were not aware that Lori King intended to leave the premises or intended to operate a motor vehicle following consumption of alcoholic-containing beverages.

### Sixth Affirmative Defense

The acts of Defendant King were superseding and intervening cause of the subject incident.

### Seventh Affirmative Defense

The Moose was not aware that King allegedly departed the Moose premises with an alcoholic beverage. The Moose does not serve drinks in "go cups."

### Eighth Affirmative Defense

The Moose did not intentionally overserve Defendant King.

### Ninth Affirmative Defense

The Moose did not act in concert with Defendant King.

### Tenth Affirmative Defenses

Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages, violates the United States Constitution and the Constitution of the State of West Virginia, and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia, and thereby fails to state a cause of action supporting the punitive or exemplary damages claimed. Plaintiffs' Complaint insofar as it seeks exemplary or punitive damages violates Defendant's rights to procedural due process under the Fourteenth Amendment of the

United States Constitution and the Constitution of the State of West Virginia, and therefore fails to state a cause of action upon which punitive or exemplary damages can be awarded.

### Eleventh Affirmative Defense

This Defendant reserves the right to raise such additional defenses as the continuing investigation may reveal.

### CROSSCLAIM

### Barboursville Lodge No. 2586, Loyal Order of Moose, Inc. vs. Lori King

1. The Moose incorporates by reference those allegations of the Plaintiff's Complaint against Defendant Lori King as if the same were forth at length herein without admitting any allegation against the Moose which has heretofore been denied.

2. The Moose asserts that Lori King is solely liable to the Plaintiff.

3. Alternatively, the Moose asserts that King, if not solely liable, is the substantial cause, and that the liability of the Moose, if any, which is denied, is several and not joint with Defendant King, pursuant to West Virginia Code §55-7-13(c), *et. seq.*

WHEREFORE, this Defendant requests to be awarded judgment herein including (1) that Defendant, Lori King, indemnify and hold this Defendant harmless from and against any and all claims of the Plaintiff or awards that the Plaintiff may obtain; (2) that Defendant, Lori King, contribute to any judgment in accordance with the percentage of fault assessed against her; (3) that Defendant, Lori King, be listed on the verdict form for the jury to assess a proper percentage of liability based upon her; (4) that this Defendant be awarded the fees and costs incurred in prosecuting the Crossclaim; (5) other damages as will be demonstrated in this matter; and (6) any other relief that the Court deems appropriate.

JURY TRIAL DEMANDED

ZIMMER KUNZ, PLLC


By: <u>/s/ *Joseph W. Selep*</u>
     Joseph W. Selep, Esquire
     W.Va. I.D. 9286

     310 Grant Street, Suite 3000
     Pittsburgh, PA  15219
     (412) 281-8000
     Email: <u>selep@zklaw.com</u>

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of December, 2020, served a true and correct copy of the foregoing Answer, Affirmative Defenses and Crossclaim on all counsel of record via ECF filing with the United States District Court for the Southern District of West Virginia.

ZIMMER KUNZ, PLLC

By: _/s/ Joseph W. Selep_
      Joseph W. Selep, Esquire
      W.Va. I.D. 9286

      310 Grant Street, Suite 3000
      Pittsburgh, PA 15219
      (412) 281-8000
      Email: selep@zklaw.com

01987356.DOCX 4610-0019